**STATE of Minnesota, Respondent,**

v.

**Verdel L. HOUSTON, Appellant.**

**No. C4–84–608.**

Court of Appeals of Minnesota.

Dec. 18, 1984.

Hubert H. Humphrey, III, Atty. Gen., State of Minn., Thomas J. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant Verdel Houston was charged and convicted of aggravated robbery. He challenges the admission of a photograph seized during a warrantless search and claims the evidence was insufficient to convict. We find the photograph was improperly admitted and reverse and remand for a new trial.

## FACTS

On February 17, 1982, a man in a stocking cap armed with a dangerous weapon robbed a Brook's Superette convenience store. The Brook's cashier clerk was later shown photographs taken from a surveillance camera in the store and identified an individual in the photographs as the robber.

Around two weeks later police received information that appellant was the individual in the surveillance photo; they were also given an address, 2737 Fifth Avenue South, Apartment 2. An officer went to that address numerous times during the day to find appellant but got no response. He noted the name "Houston" on the mailbox. On the evening of March 27, the officer noticed lights on in the apartment and movement inside. After receiving no response to his knocking, he went to the caretaker to get a key. The landlord, J.D. Corah, was called and the situation was explained to him. Corah told the officer the apartment was rented to "Marva Houston" and the rent had been unpaid. He also told the officer he had been trying to evict her and thought she may have left. Corah gave the officer permission to enter. After repeated knocking, one of two occupants answered the door. The officer entered with the purpose of finding and arresting appellant. He found a photograph of appellant on the bedroom floor and seized it. No warrant had been obtained.

At a photo lineup, the store clerk was unable to identify appellant. At trial he identified the surveillance photo as the robber but was unable to make an in-court identification of appellant as the robber. Corah was shown the surveillance photo and the photo taken from the apartment. He testified the photos shown were pictures of appellant and identified appellant in court.

## ISSUE

Did the trial court properly admit a photograph seized from the bedroom of appellant's apartment during a warrantless search?

## ANALYSIS

Appellant contends the omnibus court erred in denying a motion to suppress the photograph found in the bedroom.

The first issue is whether appellant had standing to complain about the search of the apartment. If appellant has

a legitimate expectation of privacy in the area searched, he may challenge the search. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *State v. Kumpula*, 355 N.W.2d 697 (Minn.1984). One does not need a property interest in a home to have a legitimate expectation of privacy in the home. *Id; see United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).

■ At the omnibus hearing the officer testified that an informant told him appellant lived at 2737 Fifth Avenue South. He said he was able to determine that appellant was living there. Appellant testified at the omnibus hearing that he was living there on March 27. Thus, although appellant was not the lessee of the apartment, he did have standing to challenge the search.

The primary thrust of the State's argument is that appellant abandoned the apartment, thereby conferring in Corah the authority sufficient to authorize him to consent to a search of the premises.[1] This "apparent authority" doctrine necessitates an examination of whether the officer was justified in acting on Corah's apparent authority, in requesting entry and permission to search the premises. *See, United States v. Sledge*, 650 F.2d 1075 (9th Cir.1981); 2 W. LaFave, *Search and Seizure*, § 8.3(g) (1978 and Supp.1984).

We need not decide whether the "apparent authority" doctrine should be adopted in Minnesota, because the facts in this case show that it did not reasonably appear that appellant had abandoned the premises. *Abel v. United States*, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); *City of St. Paul v. Vaughn*, 306 Minn. 337, 345–46, 237 N.W.2d 365, 370–71 (1975).

■ At the outset we note the State did not argue the abandonment theory at the omnibus hearing, presumably because it would be inconsistent to argue that the officer had probable cause to believe appellant lived in the apartment such that he could arrest appellant, and to argue that appellant had abandoned the premises. Second, we note that although the officer stated his purpose in entering the apartment was to locate appellant to arrest him, under *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), police are prohibited from making a warrantless and nonconsensual entry into a suspect's home to make a routine felony arrest.

■ The officer testified at the omnibus hearing the apartment "looked like somebody may have abandoned what was there and left the apartment." The facts, as related to the officer by Corah, were that the rent was late and as far as Corah was concerned no one should be there. He also told the officer he thought Marva Houston, the lessee, might have left and that he had tried to evict the tenant.

Nothing in the record shows the basis for Corah's belief that the tenant and appellant may have left. The record contains no evidence of any attempts by Corah to communicate with the Houstons. There is nothing about whether a neighbor may have told Corah that the Houstons had left or had been seen around the apartment. *See, Sledge*, 650 F.2d at 1076.

Not only is the record insufficient about what details Corah gave the officer which led to Corah's belief that Houston may have left, the "abandonment" theory was inconsistent with the officer's observations and his knowledge of the case. That the officer failed to get a response to his door knocking previously (during the day) does not show that the apartment was abandoned. The officer noted that lights were on in the apartment and there were persons inside. He also believed appellant was present since he intended to search the premises to arrest him. This is all inconsistent with any theory that the premises were abandoned by appellant.

---

**1.** There is no claim the unknown occupants who let the officer into the apartment had any authority to consent to a search of the apartment.

The record is also insufficient to show the premises were in fact abandoned. The officer testified there was some clothing hanging in the closets and there were some household items in the apartment. The record does not adequately indicate what type of furnishings or decorative items were present, or whether there was food in the apartment, all of which are important factors in making a conclusion about whether an apartment has been abandoned. Under these facts, the State has not shown by a fair preponderance of the evidence that Corah had the authority to consent to the search of appellant's apartment. *State v. Bonner*, 275 Minn. 280, 146 N.W.2d 770 (1966).

The State urges this court to adopt a "good faith" exception to the warrant requirement. *United States v. Leon*, —— U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In *Leon*, the United States Supreme Court upheld a defective *search warrant* where the officer serving it did so in good faith. The officer testified he could have secured the apartment and obtained a search warrant. We decline to adopt a "good faith" exception to the warrant requirement which would justify the warrantless search in this case.

Without a warrant and abent any recognized exception, the search and seizure of appellant's photograph was improper. In this case, the photograph was crucial in tying appellant to the crime scene. In light of the weak identification evidence against appellant (the victim was unable to identify appellant in a photo line-up or in court), admission of the photograph was prejudicial error and appellant is thus entitled to a new trial.

### DECISION

The warrantless search and seizure of a photograph of appellant from a bedroom in appellant's apartment was in violation of his Fourth Amendment rights.

Reversed and remanded for a new trial.